UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | No. 2: 15-cv-2358 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA PAROLE BOARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4  　　　　The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9  　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
26  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
28  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1 In reviewing a complaint under this standard, the court must accept as true the allegations of the
2 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
3 favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
4 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5 The only named defendant appears to be Jennifer Shaffer, identified by plaintiff as the
6 "CEO-California Parole Board." Plaintiff, who is African American, alleges that the State Parole
7 Board includes no African American members even though 60% of the inmates who appear
8 before the Parole Board are African American. Plaintiff alleges that the Parole Board denies
9 parole to inmates based on their race and shows favoritism toward certain white prisoners whose
10 crimes are far more serious than those committed by African American prisoners. By way of
11 example, plaintiff cites James and Richard Schoenfeld, who are white, who were granted parole
12 despite "committing the most barbaric, heinous, despicable and unforgiveable crimes ever
13 committed in the history of the California Criminal Justice System!" Plaintiff alleges that James
14 and Richard Schoenfeld kidnapped 26 school children riding a school bus, buried them and their
15 bus driver underground, and left them to die if they did not receive a $5 million dollar ransom.
16 No one died during this incident. The Schoenfelds spent 35 and 38 years, respectively,
17 incarcerated in state prison.

18 Plaintiff alleges that on May 7, 2015, he (plaintiff) was found unsuitable for parole even
19 though he met the criteria for being a low risk prisoner who did not pose a threat to public safety.
20 Plaintiff alleges that he was found unsuitable based on his refusal to plead guilty to committing 8
21 armed robberies and 1 kidnap/robbery. Plaintiff alleges that he has now served 7 years beyond
22 his minimum eligible parole date.

23 As relief, plaintiff requests that the California Parole Board become integrated with 50%
24 African Americans members from inner cities who do not have law enforcement backgrounds.

25 The undersigned construes the complaint to raise an equal protection claim. A plaintiff
26 raising an equal protection claim in the parole context must demonstrate that he was treated
27 differently from other similarly situated prisoners and that the Parole Board lacked a rational
28 basis for its decision. McGinnis v. Royster, 410 U.S. 263, 269–70 (1973); McQueary v. Blodgett,

3

1  924 F.2d 829, 835 (9th Cir.1991).

2    Plaintiff appears to argue that he is similarly situated to James and Richard Schoenfeld, who were granted parole. However, plaintiff has not demonstrated that he is actually similarly situated to the Schoenfelds. Plaintiff does not allege for how long he has been incarcerated. Plaintiff also provides no information regarding the circumstances of the offenses for which he was convicted. Plaintiff provides no information from which the undersigned may compare his record to that of the Schoenfelds. For these reasons, the undersigned finds that plaintiff has failed to state a potentially colorable Equal Protection claim. Accordingly, plaintiff's complaint is dismissed with leave to amend.

  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

////

On December 12, 2015, plaintiff filed a pleading titled "Amended Defendant Jeffery Beard Secretary of Dept. of Corrections." (ECF No. 12.) Plaintiff alleges that on March 3, 2015, the Parole Board deferred his next suitability hearing for 15 years pursuant to California Penal Code § 3041.1, i.e., Marsy's law. Plaintiff alleges that the application of Marsy's law to decide the date of his next suitability hearing violates an agreement reached between the Parole Board and the Uncommon Law Office in 2009 not to apply Marsy's law to inmates whose convictions occurred prior to the enactment of Marsy's law in 2008, such as plaintiff. Plaintiff requests $1 million in damages.

Plaintiff is attempting to amend his complaint to include a claim based on the alleged improper application of Marsy's law by the Parole Board. However, plaintiff may not amend his complaint by way of a separately filed pleading that does not contain all of his claims. In other words, piecemeal presentation of claims is not permitted. "[E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be ... filed so that it is complete in itself without reference to the prior or superseded pleading." Local Rule 220. Accordingly, plaintiff's December 12, 2015 pleading is disregarded.

The undersigned observes that plaintiff filed another civil rights action in this court which raised a similar, if not the same, claim challenging application of Marsy's Law by the Parole Board. See 2: 14-cv-3040 EFB P. On April 28, 2015, Magistrate Judge Brennan dismissed case 14-3040 on grounds that plaintiff's allegations were not sufficient to state a claim for money damages against defendant Schaffer, the only named defendant in that action. It appears that plaintiff may be attempting to, improperly, raise these previously dismissed claims in the instant action. Plaintiff's amended complaint should not include these previously dismissed claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

5

herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a.  The completed Notice of Amendment; and

          b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  January 27, 2016

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rey2358.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>     Plaintiff,<br><br>  v.<br><br>CALIFORNIA PAROLE BOARD, et al.,<br><br>     Defendants. | No.  2:  15-cv-2358 KJM KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____      Amended Complaint

                                                                 _____

                                                                  Plaintiff