UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | No. 2: 15-cv-2358 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA PAROLD BOARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 28, 2016, the court dismissed plaintiff's complaint with leave to amend.  (ECF No. 13.)  Pending before the court is plaintiff's amended complaint, containing two claims for relief.  (ECF No. 16.)  For the reasons discussed herein, the undersigned recommends that this action be dismissed.

Claim One

In the first claim for relief, plaintiff, who is African American, alleges that the Board of Parole Hearings ("BPH") includes no African American members.  Plaintiff alleges that the BPH denies parole to inmates based on their race and shows favoritism toward certain white prisoners whose crimes are far more serious than those committed by African American prisoners. Plaintiff raised the same claim in his original complaint.  In the January 28, 2016 order, the undersigned dismissed this claim for the reasons stated herein:

1

> The only named defendant appears to be Jennifer Shaffer, identified by plaintiff as the "CEO-California Parole Board." Plaintiff, who is African American, alleges that the State Parole Board includes no African American members even though 60% of the inmates who appear before the Parole Board are African American. Plaintiff alleges that the Parole Board denies parole to inmates based on their race and shows favoritism toward certain white prisoners whose crimes are far more serious than those committed by African American prisoners. By way of example, plaintiff cites James and Richard Schoenfeld, who are white, who were granted parole despite "committing the most barbaric, heinous, despicable and unforgiveable crimes ever committed in the history of the California Criminal Justice System!" Plaintiff alleges that James and Richard Schoenfeld kidnapped 26 school children riding a school bus, buried them and their bus driver underground, and left them to die if they did not receive a $5 million dollar ransom. No one died during this incident. The Schoenfelds spent 35 and 38 years, respectively, incarcerated in state prison.
>
> Plaintiff alleges that on May 7, 2015, he (plaintiff) was found unsuitable for parole even though he met the criteria for being a low risk prisoner who did not pose a threat to public safety. Plaintiff alleges that he was found unsuitable based on his refusal to plead guilty to committing 8 armed robberies and 1 kidnap/robbery. Plaintiff alleges that he has now served 7 years beyond his minimum eligible parole date.
>
> As relief, plaintiff requests that the California Parole Board become integrated with 50% African Americans members from inner cities who do not have law enforcement backgrounds.
>
> The undersigned construes the complaint to raise an equal protection claim. A plaintiff raising an equal protection claim in the parole context must demonstrate that he was treated differently from other similarly situated prisoners and that the Parole Board lacked a rational basis for its decision. McGinnis v. Royster, 410 U.S. 263, 269–70 (1973); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991).
>
> Plaintiff appears to argue that he is similarly situated to James and Richard Schoenfeld, who were granted parole. However, plaintiff has not demonstrated that he is actually similarly situated to the Schoenfelds. Plaintiff does not allege for how long he has been incarcerated. Plaintiff also provides no information regarding the circumstances of the offenses for which he was convicted. Plaintiff provides no information from which the undersigned may compare his record to that of the Schoenfelds. For these reasons, the undersigned finds that plaintiff has failed to state a potentially colorable Equal Protection claim. Accordingly, plaintiff's complaint is dismissed with leave to amend.

(ECF No. 13 at 3-4.)

////

In the amended complaint, plaintiff again compares his own case to that of the Schoenfelds. Plaintiff clarifies that on or around 1984, he was convicted of California Penal Code section 209 (kidnapping for ransom) and eight counts of robbery. Plaintiff was sentenced to twenty-five years for the robbery convictions and seven years to life for the kidnapping conviction. Plaintiff alleges that he has been incarcerated in prison for the past thirty-two years.

In the amended complaint, plaintiff has not pled sufficient facts from which the undersigned may compare his record to that of the Shoenfelds. While plaintiff has clarified the length of his incarceration, he has not described the circumstances of his offenses. Plaintiff has also provided no information regarding his own prison record, and the prison record of the Schoenfelds, which is relevant to his Equal Protection claim.

Plaintiff's Equal Protection claim is based on a superficial comparison of his case to the Shoenfelds' cases. This superficial comparison does not state a potentially colorable Equal Protection claim. Because it does not appear that plaintiff can cure these pleading defects, the undersigned recommends that this claim be dismissed.

Claim Two

In his second claim, plaintiff alleges that on or around December 15, 2008, Marsy's Law came into effect. Marsy's Law significantly increased the amount of time allowable between a prisoner's denial of parole and the prisoner's next parole hearing. Plaintiff alleges that in In Re Rutherford, a class action filed in state court, the BPH agreed to apply the rules that existed prior to the enactment of Marsy's Law to all parole suitability hearings that were due to be held prior to the implementation of Marsy's Law, but were either postponed or delayed for some reason that was not the prisoner's fault.

Plaintiff alleges that his initial parole suitability hearing, held March 11, 2009, was miscalculated to occur after the implementation of Marsy's Law. Plaintiff alleges that following his initial parole suitability hearing, the BPH wrongly applied Marsy's law and found plaintiff unsuitable for parole for fifteen years. Plaintiff alleges that in 2015, the BPH realized that it had wrongly applied Marsy's law in calculating the date of his first subsequent suitability hearing. The BPH then recalculated the date of his first subsequent parole suitability hearing for five

years.

Attached as an exhibit to the amended complaint is a memorandum dated February 24, 2015, apparently prepared by the BPH, modifying the date of plaintiff's first subsequent parole hearing from fifteen years to five years, pursuant to Rutherford. This memorandum states that plaintiff's first subsequent parole suitability hearing was to be scheduled on the next available calendar. The undersigned observes that in the original complaint, plaintiff alleges that his first subsequent parole suitability hearing was held in May 2015, following which he was found unsuitable for parole for ten years. (See ECF No. 5 at 5.)

Plaintiff goes on to argue that the BPH misapplied Rutherford when it calculated his first subsequent suitability hearing to be due in five years. Plaintiff argues that, pursuant to the agreement in Rutherford, subsequent parole hearings for non-murder cases were to be modified to one to two years. Pursuant to the agreement in Rutherford, subsequent parole hearings for murders cases were to be modified to one to five years. Plaintiff argues that his modified five year denial violated Rutherford because plaintiff was not convicted of murder.

In summary, plaintiff is alleging that following his delayed initial parole suitability hearing in 2009, he should have received his first subsequent suitability hearing in one to two year, rather than six years later in 2015.

At the outset, the undersigned finds that plaintiff's claims challenging the delay in his first subsequent suitability hearing are properly brought in this civil rights action. A finding in plaintiff's favor would not necessarily result in plaintiff's "speedier release." See Skinner v. Switzer, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim would 'not necessarily spell speedier release,' however, suit may be brought under § 1983.")

To state a potentially colorable due process claim based on the alleged delay, plaintiff must allege that the delay was prejudicial. See Fausia v. Dexter, 2008 WL 3891134 at *5 (C.D. Cal. 2008) (in habeas action, petitioner alleging that delay in suitability hearing violated his right to due process must demonstrate prejudice); citing United States v. Santana, 526 F.3d 1257, 1260 (9th Cir. 2008); Meador v. Knowles, 990 F.2d 503, 506 (9th Cir. 1993); Camacho v. White, 918 F.2d 74, 79 (9th Cir. 1990); Hopper v. United States Parole Comm'n, 702 F.2d 842, 845 (9th Cir.

4

1983); Biggs v. California, 2006 WL 2621057, at *3-4 (E.D. Cal. Sept.12, 2006); William v. Board of Prison Terms, 2006 WL 463128, at *10 (E.D. Cal. Feb.24, 2006), adopted, 2006 WL 845594 (E.D. Cal. Mar. 30, 2006).

Assuming that the BPH unreasonably delayed in recalculating the date of plaintiff's first subsequent suitability hearing, and that the BPH should have ordered this hearing to be held in one to two years rather than five years, plaintiff has failed to demonstrate that he suffered any prejudice as a result of these delays. Plaintiff has not demonstrated that he would have been released sooner from prison, as he is still incarcerated. As discussed above, following his first subsequent suitability hearing in May 2015, plaintiff was found ineligible for parole for ten years. Plaintiff has also pled no facts suggesting that the delay affected the May 2015 decision by the BPH finding plaintiff unsuitable for parole. Moreover,

> [e]ven if, at some future hearing, the BPH were to find [plaintiff] suitable for parole, [plaintiff's] ultimate release date would not be fixed by reference to the hearing date, but rather would be a product of the BPH's discretion, taking into account the "matrix" of suggested base terms set forth in state prison regulations, circumstances in aggravation and mitigation, and adjustments for enhancements or other offenses, and reduced by any postconviction credit awarded by the BPH. See Cal.Code Regs., tit. 15, §§ 2403-2411.

Fausia v. Dexter, 2008 WL 3891134 at *5.

Based on these circumstances, plaintiff has not demonstrated that he was prejudiced by the delay in his receipt of his first subsequent parole suitability hearing. Accordingly, this claim should be dismissed.

To the extent plaintiff alleges that the delay in his receipt of his first subsequent parole hearing violated state law, the undersigned recommends that the court decline to exercise jurisdiction over this state law claim as no federal claims remain. See 28 U.S.C. § 1367.

Accordingly, IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Rey2358.56